■ JENNIFER GREENBERG, Respondent, v CORONET PROPERTIES COMPANY et al., Appellants.—Order of the Supreme Court, New York County (David B. Saxe, J.), entered April 4, 1990, which denied motions of defendants-appellants Coronet Properties Company *et al.* (Coronet) seeking summary judgment dismissing the complaint and for summary judgment on their counterclaims as well as expedited discovery to depose certain nonparties, is unanimously modified, on the law, to the extent of granting defendants' motions for summary judgment dismissing the complaint and on their counterclaims and otherwise affirmed, with costs and disbursements payable by plaintiff, and the matter remanded to the Supreme Court for a determination of reasonable attorneys' fees payable under the second counterclaim.

Section 2204.6 (d) of the New York City Rent and Eviction

Regulations (9 NYCRR 2204.6) prohibits removal of occupants of rent control apartments who are either the "surviving spouse of the deceased tenant or some other member of the deceased tenant's family who has been living with the tenant." *(See, Braschi v Stahl Assocs. Co.,* 74 NY2d 201, 209 [1989].) The "living with" requirement has been defined to mean "living with such statutory tenant in a family unit, which in turn connotes an arrangement, whatever its duration, bearing some indicia of permanence or continuity". *(829 Seventh Ave. Co. v Reider,* 67 NY2d 930, 932-933 [1986].) In *Reider,* a granddaughter moved in with her grandmother in May 1982 and the grandmother died in September 1982. The granddaughter sublet her own apartment where she left her furniture and household goods. The court found that there was no showing of the grandmother and her granddaughter living as a family unit: the granddaughter had not put her name on the mailbox, had not advised the doorman or landlord of her cooccupancy, had left her furniture in her old apartment, maintained her telephone number there and kept her bank accounts at her previous bank. The court found that the proof indicated only transience or temporary occupancy of the grandmother's apartment.

Utilizing the same criteria herein, the proof submitted showed no indication of permanency of residence by Jennifer Greenberg at 170 Second Avenue but, in fact, revealed that Greenberg's permanent residence was 28 East 10th Street. Here, Coronet submitted numerous documents of virtually uncontradicted proof in which plaintiff set forth her address at 28 East 10th Street, including tax returns, driver's license, voter registration statement and her mother's death certificate. Even portions of plaintiff's own deposition reveal that her residency at her mother's apartment was only temporary. Nor were the affidavits submitted by the building residents sufficient to raise an issue of fact. They were vague and conclusory and did not establish that plaintiff maintained a permanent residence, especially since one of the affiants recanted. A party opposing a motion for summary judgment must produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which would require a trial. *(Zuckerman v City of New York,* 49 NY2d 557, 562.) Bare allegations are insufficient to create genuine issues of fact so as to defeat such a motion. *(See, e.g., Capelin Assocs. v Globe Mfg. Corp.,* 34 NY2d 338, 342.) Inasmuch as there was no showing by plaintiff of a bona fide issue of fact requiring a trial, the IAS court erred in denying

defendants' motion for summary judgment. Our disposition renders the issue of expedited discovery academic under the circumstances. Concur—Kupferman, J. P., Ross, Carro and Asch, JJ.