■ GERALD ETTARI, Respondent, v 30 RAMPASTURE OWNERS, INC., et al., Appellants. [790 NYS2d 540]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Suffolk County (Seidell, J.H.O.), dated July 16, 2003, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The fact that the ice and snow in the driveway area where the plaintiff allegedly fell was open and obvious does not preclude a finding of liability, but rather raises a triable issue of fact regarding comparative negligence (*see Cupo v Karfunkel,* 1 AD3d 48 [2003]; *Luksch v Blum-Rohl Fishing Corp.,* 3 AD3d 475 [2004]; *Kraeling v Leading Edge Elec.,* 2 AD3d 789 [2003]; *Grgich v City of New York,* 2 AD3d 680 [2003]; *Moloney v Wal-Mart Stores,* 2 AD3d 508 [2003]; *Massucci v Amoco Oil Co.,* 292 AD2d 351 [2002]).

Further, the mere fact that the plaintiff may have fallen in an ice and snow-covered area adjacent to the driveway, which also allegedly was under the defendants' control, rather than on the uncleared driveway itself, is not sufficient to relieve the defendants of liability (*see Rosenbloom v City of New York,* 254 AD2d 474 [1998]; *Malley v Alice Hyde Hosp. Assn.,* 297 AD2d 425 [2002]). Krausman, J.P., Mastro, Rivera and Skelos, JJ., concur.