■ GERRY HOLLY, Respondent, v 7-ELEVEN, INC., et al., Appellants. [834 NYS2d 870]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Suffolk County (Weber, J.), dated March 10, 2006, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff was walking through the entrance of a 7-Eleven store operated by the defendant Donna M. Segreto pursuant to a franchise agreement with the defendant 7-Eleven, Inc., when he allegedly tripped and fell over a bundle of logs which was being used to prop open one of the entrance doors to the store. The plaintiff alleged that the metal frame of the southernmost door obscured the bundle of logs from his view as he approached the entrance.

In support of their motion, the defendants failed to demonstrate, as a matter of law, that the condition was both open and obvious and not inherently dangerous (see Tulovic v Chase Manhattan Bank, 309 AD2d 923 [2003]). Contrary to the defendants' contention, the alleged open and obvious nature of the condition merely raised a triable issue of fact as to the comparative fault of the plaintiff (see Cupo v Karfunkel, 1 AD3d 48 [2003]).

The defendants' remaining contentions are without merit. Schmidt, J.P., Skelos, Lifson and Covello, JJ., concur.