■ KIM SEWITCH et al., Appellants, v ROSE LAFRESE, Respondent. [839 NYS2d 114]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Baisley, J.), entered April 12, 2006, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint is denied.

The plaintiff Kim Sewitch sustained personal injuries when she allegedly slipped and fell on an accumulation of ice within missing portions of brick and mortar on the steps leading from her apartment in a house owned by the defendant. She alleged that both the accumulation of ice and the uneven surface on the steps resulting from the missing portions of brick and mortar caused her to fall. The defendant, in support of her motion for summary judgment dismissing the complaint, failed to demonstrate, as a matter of law, that the condition arising from the alleged disrepair of the steps was both open and obvious and not inherently dangerous (see *Cappella v City of New York*, 6 AD3d 567, 567-568 [2004]; *Grgich v City of New York*, 2 AD3d 680 [2003]; *Cupo v Karfunkel*, 1 AD3d 48, 52 [2003]). In addition,

"[t]he fact that the ice . . . in the . . . area where the plaintiff allegedly fell was open and obvious does not preclude a finding of liability, but rather raises an issue of fact regarding comparative negligence" (*Ettari v 30 Rampasture Owners, Inc.*, 15 AD3d 611, 611 [2005]).

Moreover, the defendant's submission reveals that a triable issue of fact exists as to whether the defendant had actual knowledge of a recurring condition of ice and water accumulating on the steps, and thus, whether she may be charged with constructive notice of each specific recurrence of that condition (*see Roussos v Ciccotto*, 15 AD3d 641, 643 [2005]; *Osorio v Wendell Terrace Owners Corp.*, 276 AD2d 540 [2000]).

Therefore, the defendant's motion for summary judgment dismissing the complaint should have been denied. Miller, J.P., Mastro, Krausman and Carni, JJ., concur.