■ CIDIA FABISH, Appellant, v GARDEN BAY MANOR CONDOMINIUM et al., Respondents. [843 NYS2d 460]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Satterfield, J.), dated June 21, 2006, as granted those branches of the separate motions of the defendants Garden Bay Manor Condominium and BRG Garden Bay, LLC, which were for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, and those branches of the separate motions of the defendants Garden Bay Manor Condominium and BRG Garden Bay, LLC, which were for summary judgment dismissing the complaint insofar as asserted against them are denied.

The plaintiff allegedly fell while traversing a stairway leading to her second floor apartment. About a month before the accident, the refrigerator in the plaintiff's apartment broke. The plaintiff's landlord, the defendant BRG Garden Bay, LLC (hereinafter BRG), placed a temporary refrigerator in the landing area of a staircase, next to two steps at the top of the staircase. The plaintiff allegedly complained to BRG on more than one occasion that the refrigerator obstructed the path to her apartment. On the day of the accident, she walked sideways with her back against the refrigerator and attempted to walk past the refrigerator and ascend the two steps. As she traversed this area, her back brushed up against the refrigerator door, causing it to open. The door struck her and caused her to lose her balance and fall. The defendant Garden Bay Manor Condominium (hereinafter GBMC), which was responsible for maintaining the stairway, concedes on appeal that it was aware that the refrigerator was in this area.

In support of their separate motions, the defendants failed to make a prima facie showing of entitlement to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.*, 64

NY2d 851 [1985]; *Belogolovkin v 1100-1114 Kings Highway LLC*, 35 AD3d 514, 515 [2006]; *Palmer v Vitrano*, 29 AD3d 656, 657 [2006]). Since the defendants failed to meet their initial burden as the movants, we need not address the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d at 851).

The remaining contention of GBMC is without merit. Rivera, J.P., Covello, Angiolillo and Dickerson, JJ., concur.