ERICA RUIZ, Respondent, v HART ELM CORP., Appellant.
[844 NYS2d 80]—

In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Kings County (Jacobson, J.), entered June 27, 2006, which, upon a jury verdict on the issue of liability finding it 100% at fault in the happening of the accident, and a jury verdict on the issue of damages finding that the plaintiff sustained damages in the sums of $500,000 for past pain and suffering, $400,000 for future pain and suffering, and $12,000 for past medical expenses, is in favor of the plaintiff and against it.

Ordered that the judgment is reversed, on the law, and a new trial is granted on the issue of liability only, with costs to abide the event; the jury's findings as to damages are affirmed.

On March 31, 2000 the 22-year-old plaintiff was preparing to descend a staircase inside an apartment building owned by the defendant when her foot became caught in a hole in the carpet covering the landing. The plaintiff tripped and fell down the stairs, sustaining injuries including a severe bimalleloar ankle fracture which required her to undergo three surgeries. After discovery had been conducted, the defendant moved for summary judgment dismissing the complaint, contending that it could not be held liable because the plaintiff's deposition testimony revealed that she was aware of the hole in the carpet and had observed it on many occasions. By order dated June 2, 2003, the Supreme Court granted the defendant's motion for

summary judgment, reasoning that the defendant had no duty to protect against a readily observable condition. However, upon renewal, the court denied the defendant's motion and reinstated the complaint based upon this Court's decision in *Cupo v Karfunkel* (1 AD3d 48 [2003]), which clarified that the open and obvious nature of a defect does not relieve a landowner of the burden of demonstrating that it exercised reasonable care to make its property safe.

During the ensuing liability trial, the plaintiff presented evidence that the defendant's employees attempted to repair the hole prior to the accident by nailing a lighter colored piece of carpet inside it. Color photographs depicting the appearance of the patched area of the carpet at the time of the accident were admitted into evidence. At the close of testimony, the trial court refused the defendant's request to charge, in accordance with PJI 2:90, that a landowner has no duty to warn of unsafe conditions that are open and obvious, and that if the jury decided that the condition of the carpet was open and obvious, it should consider that fact in evaluating the plaintiff's comparative fault. In rejecting the requested charge, the court found that the hole in the carpet, as repaired, was "not openly and obviously unsafe." The court instructed the jury, inter alia, that it had to decide whether the repair to the carpet was unsafe, and "if it was unsafe, did the landlord give any warning that it was unsafe or should the landlord have given any warning that it was unsafe." The jury returned a verdict on the issue of liability finding that the defendant was negligent and 100% at fault in the happening of the accident.

On appeal the defendant contends that the court erred in refusing to charge that it had no duty to warn of an open and obvious condition. We agree. Although "[t]he scope of a landowner's duty to maintain property in a reasonably safe condition may also include the duty to warn of a dangerous condition . . . a landowner has no duty to warn of an open and obvious danger" (*Cupo v Karfunkel*, 1 AD3d at 51; *see Tagle v Jakob*, 97 NY2d 165, 169 [2001]). The fact that a defect may be open and obvious does not negate a landowner's duty to maintain its premises in a reasonably safe condition, but may raise an issue of fact as to the plaintiff's comparative negligence (*see Holly v 7-Eleven, Inc.*, 40 AD3d 1033 [2007]; *Fairchild v J. Crew Group, Inc.*, 21 AD3d 523 [2005]; *Cupo v Karfunkel*, 1 AD3d at 48). The issue of whether a dangerous condition is open and obvious is fact specific, and thus usually a question for the jury (*see Tagle v Jakob*, 97 NY2d at 169; *Juoniene v H.R.H. Constr. Corp.*, 6 AD3d 199 [2004]). Here, the jury could have

reasonably found, based upon the photographs admitted into evidence, that the hole in the carpet was an open and obvious danger despite the defendant's attempt to repair it. Thus, the court should have instructed the jury that the defendant landlord had no duty to warn if the hole in the carpet was open and obvious, and to consider whether the hole was open and obvious in evaluating the plaintiff's comparative fault, if any. Since the jury was not instructed to consider whether the hole was open and obvious in evaluating comparative fault, and it cannot be determined from the general verdict sheet whether the jury found the defendant liable based on a failure to warn, we reverse the judgment and remit the matter for a new trial on the issue of liability (see *Mazurek v Home Depot U.S.A.*, 303 AD2d 960 [2003]).

Contrary to the defendant's contention, in view of the nature and extent of the injuries sustained by the plaintiff, the damages awarded by the jury for past and future pain and suffering did not materially deviate from what would be considered reasonable compensation (see CPLR 5501 [c]; *Ciano v Sauve*, 42 AD3d 556 [2007]). Thus, in the event that the defendant is found liable after the new liability trial, the damages award should be reinstated and reapportioned, if necessary, to reflect the jury's determination as to comparative fault. Crane, J.P., Spolzino, Krausman and McCarthy, JJ., concur.