■ Joseph Barberio et al., Appellants, v Susana Agramunt, Respondent, et al., Defendant. [845 NYS2d 128]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Robbins, J.), dated May 31, 2006, as granted those branches of the motion of the defendant Susana Agramunt which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against her.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion of the defendant Susana Agramunt which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against her are denied.

In support of her motion for summary judgment, the defendant Susana Agramunt (hereinafter the defendant) submitted, inter alia, her deposition testimony and that of the injured plaintiff. According to his deposition testimony, the injured plaintiff sustained his injuries when he fell while installing vinyl siding on a house owned by the defendant. Just prior to his fall, he was standing on a ladder he had placed on the cement driveway next to the house. As he swung his hammer, the ladder "twisted" and one of its legs "fell" into a crack in the cement driveway. The ladder then fell over and he fell to the ground. The defendant conceded at her deposition that the subject driveway had been in a deteriorated, cracked, and broken condition for a long period of time, but she offered no proof as to the extent of the condition.

Contrary to the determination of the Supreme Court, the defendant failed to establish, prima facie, her entitlement to judgment as a matter of law dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence. She failed to establish that she had maintained her driveway in a reasonably safe manner, nor did she establish that she lacked notice of the defective condition (cf. *Maggi v Innovax Methods Group Co.,* 250 AD2d 576 [1998]). The fact that the deteriorated condition of the driveway was open and obvious did not negate the defendant's duty to maintain the property in a reasonably safe condition (see *Sportiello v City of New York,* 6 AD3d 421 [2004]; *Cupo v Karfunkel,* 1 AD3d 48, 52 [2003]; cf. *Fernandez v Edlund,* 31 AD3d 601 [2006]; *Steiner v Benroal Realty Assoc.,* 290 AD2d 551 [2002]).

The plaintiffs' remaining contention is without merit. Spolzino, J.P., Santucci, Florio and Angiolillo, JJ., concur.