■ George Boston et al., Respondents-Appellants, v City of New York, Respondent, and Charosa Foundation Corporation, Appellant-Respondent. [858 NYS2d 265]—

In an action to recover damages for personal injuries, etc., the defendant Charosa Foundation Corporation appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Flug, J.), entered May 24, 2007, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and the plaintiffs cross-appeal, as limited by their brief, from so much of the same order as denied their motion for summary judgment on the issue of liability against the defendant Charosa Foundation Corporation.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiff George Boston (hereinafter the plaintiff) was injured while on a sanitation truck collecting trash for the defendant City of New York. After emptying a basket on the street corner in front of a building occupied by the defendant Charosa Foundation Corporation (hereinafter Charosa), the plaintiff stood on a running board flush against the truck while his coworker prepared to drive to the next pickup location. As the truck moved into traffic, the plaintiff's knees became caught between the truck and a 30-inch high brick "tree well" which Charosa recently had erected on the sidewalk, without a permit and in violation of a municipal regulation restricting the maximum height of a tree well to 1½ to 2 inches. The plaintiff and his wife subsequently commenced this action against the City and Charosa.

Charosa moved for summary judgment dismissing the complaint insofar as asserted against it and the plaintiffs cross-moved for summary judgment on the issue of liability against Charosa. The Supreme Court denied the motions. We affirm.

Charosa failed to establish its prima facie entitlement to judgment as a matter of law as it did not demonstrate that the tree well, an open and obvious condition, was not inherently dangerous. Rather, the open and obvious nature of the condition raised a triable issue of fact as to the plaintiff's comparative fault (*see Sewitch v LaFrese,* 41 AD3d 695 [2007]; *Holly v 7-Eleven, Inc.,* 40 AD3d 1033 [2007]; *Hogan v Baker,* 29 AD3d 740 [2006]; *Tulovic v Chase Manhattan Bank,* 309 AD2d 923, 924 [2003]). Nor did Charosa establish that it satisfied its duty of general care to maintain the property in a reasonably safe condition (*see Barberio v Agramunt,* 45 AD3d 514, 515 [2007]; *Hogan v Baker,* 29 AD3d 740 [2006]; *Cupo v Karfunkel,* 1 AD3d 48, 52 [2003]; *Tulovic v Chase Manhattan Bank,* 309 AD2d 923 [2003]).

The plaintiffs also failed to establish their prima facie entitlement to judgment on the issue of liability because the open and obvious nature of the tree well raised an issue of fact regarding the plaintiff's comparative fault (*see Thoma v Ronai,* 82 NY2d 736, 737 [1993]; *Scibelli v Hopchick,* 27 AD3d 720 [2006]).

The parties' remaining contentions are without merit. Ritter, J.P., Covello, Angiolillo and McCarthy, JJ., concur.