■ SANDRA BAINES, Appellant, v G&D VENTURES, INC., Doing Business as COLOR LAUNDROMAT, Defendant, and 925-939 NASSAU ROAD, LLC, Respondent. [883 NYS2d 256]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Feinman, J.), entered June 18, 2008, which granted the motion of the defendant 925-939 Nassau Road, LLC, for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant 925-939 Nassau Road, LLC, for summary judgment dismissing the complaint insofar as asserted against it is denied.

The plaintiff allegedly was injured when she slipped and fell on a chunk of ice on a sidewalk within a strip mall owned by the defendant 925-939 Nassau Road, LLC (hereinafter the defendant). The plaintiff alleged that it snowed sometime during the week prior to the date of the accident. The plaintiff also alleged that most of the sidewalk was covered with chunks of ice and that there were only a few spots which were free of ice. After the plaintiff commenced this action to recover damages for personal injuries, the defendant moved for summary judgment dismissing the complaint insofar as asserted against it, claiming that it lacked actual or constructive notice of the hazardous condition which caused the accident. The defendant also claimed that it could not be held liable for the plaintiff's injuries since the condition that allegedly caused her to fall was open and obvious. The Supreme Court granted the defendant's motion on the ground that the defendant did not have notice of the alleged hazardous condition. We reverse.

A defendant may be held liable for a slip-and-fall incident

involving snow and ice on its property upon a showing that, among other things, the defendant had actual or constructive notice of the allegedly dangerous condition (*see Taylor v Rochdale Vil., Inc.,* 60 AD3d 930 [2009]; *Raju v Cortlandt Town Ctr.,* 38 AD3d 874 [2007]). Thus, "[o]n a motion for summary judgment to dismiss the complaint based upon lack of notice, the defendant is required to make a prima facie showing affirmatively establishing the absence of notice as a matter of law" (*Goldman v Waldbaum, Inc.,* 248 AD2d 436, 437 [1998]). This burden cannot be satisfied merely by pointing out gaps in the plaintiff's case, as the defendant did here (*see Totten v Cumberland Farms, Inc.,* 57 AD3d 653 [2008]; *South v K-Mart Corp.,* 24 AD3d 748 [2005]). In support of its motion, the defendant submitted the deposition testimony of its president, who allegedly inspected the premises on an "almost" daily basis. However, the defendant's president failed to provide any testimony as to when he last inspected the subject sidewalk prior to the accident or what it looked like when he last inspected it. Further, the mere fact that the icy condition which allegedly caused the plaintiff to fall was open and obvious does not preclude a finding of liability, but rather raises an issue of fact regarding comparative negligence (*see Sewitch v LaFrese,* 41 AD3d 695 [2007]; *Ettari v 30 Rampasture Owners, Inc.,* 15 AD3d 611 [2005]).

Accordingly, the defendant failed to meet its initial burden as the movant, and the Supreme Court should have denied its motion for summary judgment dismissing the complaint insofar as asserted against it. Since the defendant did not meet its initial burden, we need not review the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851 [1985]).

The defendant's remaining contention is without merit. Fisher, J.P., Florio, Covello and Dickerson, JJ., concur.