■ JOHN PAMPILLONIA, Respondent, v MAHI BURDUCEA et al., Appellants. [892 NYS2d 451]—

The Supreme Court properly denied, upon reargument, the defendants' motion for summary judgment dismissing the complaint. In support of their motion, the defendants primarily argued that the allegedly dangerous condition which caused the subject accident was open and obvious. "Although there is no duty to warn of an open and obvious condition, this principle does not absolve a landowner of the duty to maintain the property in a reasonably safe condition" (*Mooney v Petro, Inc.*, 51 AD3d 746, 747 [2008]; *see Pastore v Town of Harrison*, 57 AD3d 636, 637 [2008]; *Ruiz v Hart Elm Corp.*, 44 AD3d 842, 843 [2007]; *Cupo v Karfunkel*, 1 AD3d 48, 51-52 [2003]).

Here, the defendants failed to establish their prima facie entitlement to judgment as a matter of law because they did not make a showing that they maintained their premises in a reasonably safe condition (*see Salomon v Prainito*, 52 AD3d 803, 805 [2008]; *Fabish v Garden Bay Manor Condominium*, 44 AD3d 820 [2007]; *Hogan v Baker*, 29 AD3d 740 [2006]). In light

of this determination, we need not examine the sufficiency of the plaintiff's papers submitted in opposition (*see Smalls v AJI Indus., Inc.*, 10 NY3d 733, 735 [2008]; *Marshall v Institute for Community Living, Inc.*, 50 AD3d 975 [2008]; *Pabon v Nouveau El. Indus., Inc.*, 49 AD3d 702 [2008]). Skelos, J.P., Dickerson, Eng and Sgroi, JJ., concur.