■ Andrew Manicone, Respondent, v City of New York, Respondent, Roosevelt Savings Bank, Respondent-Appellant, and W.E. Bonnie Contracting, Inc., et al., Appellants-Respondents. [905 NYS2d 640]—

In an action to recover damages for personal injuries, the defendant W.E. Bonnie Contracting, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Velasquez, J.), dated February 18, 2009, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, the defendants National Rent-A-Fence Co., National Construction Rentals, Inc., and National Construction Rentals, doing business as National Rent-A-Fence, separately appeal from so much of the same order as denied their separate motion for summary judgment dismissing the complaint and all cross claims insofar as asserted

against them or, in the alternative, for summary judgment on their cross claim for contractual indemnification against the defendant Roosevelt Savings Bank, and the defendant Roosevelt Savings Bank separately appeals, as limited by its brief, from so much of the same order as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is affirmed, with one bill of costs to the plaintiff payable by the defendants appearing separately and filing separate briefs.

The plaintiff allegedly was injured when he tripped and fell over a bracket supporting a temporary fence in front of premises owned by the defendant Roosevelt Savings Bank (hereinafter the bank). The temporary fence had been erected on the public sidewalk in front of the bank because the exterior facade of the building was undergoing renovation. Photographs of the accident site taken two days after the accident showed that the brackets supporting the fence were rectangular in shape, and protruded a considerable distance beyond the fence, thus narrowing the portion of the sidewalk available for unobstructed passage.

Following the accident, the plaintiff commenced this action against, among others, the bank, W.E. Bonnie Contracting, Inc. (hereinafter W.E. Bonnie), the general contractor of the renovation project, and National Rent-A-Fence Co. and National Construction Rentals, Inc. (hereinafter together the fence company defendants), who had supplied and installed the fence. After depositions had been conducted, W.E. Bonnie and the bank separately moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and the fence company defendants moved for the same relief or, in the alternative, for summary judgment on their cross claim against the bank for contractual indemnification. In support of its motion for summary judgment, W.E. Bonnie argued that it could not be held liable because it was not contractually responsible for the installation or maintenance of the temporary fence, and had not created the allegedly dangerous condition which caused the plaintiff's fall. In support of their motions for summary judgment, both the bank and the fence company defendants contended that they could not be held liable because the support bracket over which the plaintiff tripped was open and obvious, and not inherently dangerous. The fence company defendants also asserted that they owed no duty of care to the plaintiff. The Supreme Court denied the defendants' respective motions, and we affirm.

Contrary to W.E. Bonnie's contention, the Supreme Court properly denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. "[T]he proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). The failure to make such a prima facie showing requires the denial of the motion regardless of the sufficiency of the plaintiff's opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Here, the evidentiary proof submitted by W.E. Bonnie in support of its motion was insufficient to eliminate all issues of fact as to whether it could be held liable in its role as general contractor because it exercised control over the work site and had notice of the allegedly dangerous condition arising from the placement of the fence (*see Tilford v Sweet Home Real Prop. Trust*, 40 AD3d 966 [2007]; *cf. Keating v Nanuet Bd. of Educ.*, 40 AD3d 706, 708 [2007]), or whether it created the subject condition by moving the fence to a position on the sidewalk where its protruding support brackets could become a tripping hazard (*see Losito v City of New York*, 38 AD3d 854, 855 [2007]; *Coulton v City of New York*, 29 AD3d 301, 302 [2006]).

The Supreme Court also properly denied the bank's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and that branch of the separate motion of the fence company defendants which was for the same relief. The bank and the fence company defendants failed to make a prima facie showing of entitlement to judgment as a matter of law upon the ground that the support bracket was an open and obvious condition which was not, as a matter of law, inherently dangerous (*see Shah v Mercy Med. Ctr.*, 71 AD3d 1120 [2010]; *Cooper v American Carpet & Restoration Servs., Inc.*, 69 AD3d 552, 553 [2010]; *Crafa v Marshalls of MA, Inc.*, 57 AD3d 937 [2008]; *Salomon v Prainito*, 52 AD3d 803, 805 [2008]; *Boston v City of New York*, 51 AD3d 615, 616 [2008]). In addition, the fence company defendants failed to make a prima facie showing of entitlement to judgment as a matter of law upon the ground that they owed no duty of care to the plaintiff, since they failed to establish that they did not create the allegedly dangerous condition (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 141-142 [2002]; *Cooper v American Carpet & Restoration Servs., Inc.*, 69 AD3d at 554).

Finally, the Supreme Court properly denied that branch of the fence company defendants' motion which was for summary

judgment on their cross claim for contractual indemnification against the bank because they did not make a prima facie showing that they were free from negligence (*see* General Obligations Law § 5-322.1; *Tarpey v Kolanu Partners, LLC*, 68 AD3d 1099 [2009]; *Cava Constr. Co., Inc. v Gealtec Remodeling Corp.*, 58 AD3d 660, 662 [2009]). Covello, J.P., Dickerson, Eng and Austin, JJ., concur.