[908 NYS2d 841]

Elba Paredes Maldonado, Plaintiff, v City of New York, Defendant.

Supreme Court, Kings County, August 23, 2010

APPEARANCES OF COUNSEL

*Michael A. Cardozo, Corporation Counsel,* Brooklyn (*Angela R. Cruz* of counsel), for defendant. *Cary Scott Goldinger,* Garden City, for plaintiff.

## OPINION OF THE COURT

KENNETH P. SHERMAN, J.

Defendant, the City of New York, moves for an order, pursuant to CPLR 3212 (b), dismissing the plaintiff's complaint alleging (1) that she cannot establish any nonspeculative basis for the imposition of liability upon the City or, (2) that the alleged condition causing her injuries was open and obvious as a matter of law and thus nonactionable or, (3) that the plaintiff assumed the risk of her injury. In the alternative, the City moves for an order, pursuant to CPLR 3101 (a) (1) and 3124, compelling the plaintiff to submit HIPAA compliant authorizations to obtain her emergency room treatment records and authorizations to obtain the plaintiff's employment files.

### Background

This action results from personal injuries sustained in a trip and fall incident on September 25, 1999. The plaintiff, Elba Paredes Maldonado, alleges that during a child's birthday party she was attending within Prospect Park in Brooklyn, she tripped over a tree branch that was lying on the floor of the picnic area and sustained a fracture to her left ankle. At the time she fell, the plaintiff was walking backwards, engaged in a game with children at the party.

In its moving papers, the City contends that, among other theories, it is entitled to summary judgment because the condition that allegedly caused the plaintiff's injury was open and obvious and, thus, nonactionable as a matter of law. The City opines that while a landowner has a duty to maintain his property in a reasonably safe condition, there is no duty to protect or warn against an open and obvious condition which is not inherently dangerous. In its opinion, a tree branch in a park is neither a defective condition, nor an inherently dangerous one and is open and obvious as contemplated by the case law.

In opposition, plaintiff alleges that summary judgment is improper because, among other things, a municipality that extends an invitation to its citizens to use its recreational areas owes a duty to exercise reasonable and ordinary care to protect those citizens from foreseeable dangers. Whether that duty has

been satisfied is a jury question and not proper on a motion for summary judgment. Further, plaintiff proffers that while a condition may be open and obvious, precedent dictates that it does not serve to obviate the defendant's duty, but merely creates a question of comparative negligence for a jury.

## Discussion

"[T]he proponent of a motion for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404 [1957]). Once a showing is made, the burden shifts and the party opposing the motion must tender evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which would require a trial or tender an acceptable excuse for his failure so to do (*see Greenberg v Coronet Props. Co.*, 167 AD2d 291 [1990]; *see Zuckerman*, 49 NY2d at 562).

> "While a landowner must act as a reasonable person in maintaining his or her property in a reasonably safe condition in view of all the circumstances (*see Basso v Miller*, 40 NY2d 233 [1976]), there is 'no duty to protect or warn against an open and obvious condition which, as a matter of law, is not inherently dangerous' " (*Errett v Great Neck Park Dist.*, 40 AD3d 1029, 1029 [2007]; *Capozzi v Huhne*, 14 AD3d 474, 474 [2005]; *see Cupo v Karfunkel*, 1 AD3d 48 [2003]).

"Landowners are not obligated to warn against conditions on the land that could be readily observed by the use of one's senses" (*Torres v State of New York*, 18 AD3d 739 [2005]; *see Cupo, supra*; *DeLaurentis v Marx Realty & Improvement*, 300 AD2d 343 [2002]; *Moriello v Stormville Airport Antique Show & Flea Mkt.*, 271 AD2d 664 [2000]). "Moreover, landowners will not be held liable for injuries arising from a condition on the property that is inherent or incidental to the nature of the property, and that could be reasonably anticipated by those using it" (*Torres* at 739; *see also Nardi v Crowley Mar. Assoc.*, 292 AD2d 577 [2002]; *Csukardi v Bishop McDonnell Camp*, 148 AD2d 657 [1989]). "Liability under common-law negligence will not attach when the allegedly dangerous condition complained of was open

and obvious, particularly where the injured plaintiff was aware of it" (*Nardi* at 577; *see Gonzalez v Fastflex, Inc.*, 270 AD2d 229 [2000]).

The defendant has established its prima facie entitlement to summary judgment by presenting evidence, in the form of the plaintiff's testimony, that the condition causing the plaintiff's injury was open and obvious and inherent to the property and, thus, nonactionable as a matter of law. According to Maldonado's deposition, she testified that the afternoon of Saturday, September 25, 1999, was sunny with no evident precipitation. The plaintiff does not wear corrective glasses or contacts and though it was sunny, she testified she wore no sunglasses. Further, the plaintiff was not under the influence of prescription medication nor had she consumed alcohol on the day in question. While she testified that she didn't see the branch over which she allegedly tripped until after she had fallen, she did testify as follows regarding the presence of branches in the park that day:

"QUESTION: Do you remember seeing other branches like you didn't see that particular one, but did you see any other branches in this particular area?

"ANSWER: *Yes, we were surrounded by trees so you could see branches scattered around.*" (Emphasis added.)

Regarding the branch that allegedly caused her to fall, Maldonado testified that it was a "big piece of tree" approximately 2½ feet long and approximately six inches in diameter. From the plaintiff's testimony, the court concludes that the branches on the ground in the park were open and obvious and not inherently dangerous as a matter of law since Maldonado readily observed them through the use of her senses (*see Sclafani v Washington Mut.*, 36 AD3d 682, 682-683 [2007]). Branches scattered on the ground of a park filled with trees is a condition inherent to the nature of the park and the presence of these branches could be reasonably anticipated by those using the park (*see Torres*, 18 AD3d at 739). That Maldonado failed to observe the single, substantially sized branch, over which she allegedly tripped is of no consequence. It is axiomatic that when an adult "plays" with children in an area "scattered with branches," that adult must take extra care not to trip on those branches, especially in cases such as this where that adult intentionally limits her ability to observe open and obvious hazards by choosing to walk backward.

Having shifted the burden, it is now incumbent on the plaintiff to tender evidentiary proof sufficient to establish the

existence of material issues of fact which would require a trial or provide an acceptable excuse for her failure so to do (*see Greenberg*, 167 AD2d at 292). Plaintiff submits that though a condition may be open and obvious, that alone does not obviate the defendant's duty to maintain the property in a reasonably safe condition, but merely serves to create a question of comparative negligence for a jury. To support this position, Maldonado cites 13 cases wherein an open and obvious condition failed to absolve the defendant of liability. A closer review of plaintiff's case law, however, reveals that none of the cases involve a condition that can accurately be characterized as "inherent or incidental to the nature of the property [such that its presence] could [have been] reasonably anticipated by the party using it" (*see Torres*, 18 AD3d at 739).* In light of the foregoing, the plaintiff has failed to satisfy her burden of showing the existence of material issues of fact that would warrant a trial.

## Conclusion

Accordingly, the City's motion for summary judgment is granted and the action is dismissed. The court, having consid-

---

* (*Pampillonia v Burducea*, 68 AD3d 1081 [2009] [plaintiff fell over a board which was fastened to the ground at the top of the stairs leading to the basement apartment]; *Mooney v Petro, Inc.*, 51 AD3d 746 [2008] [oil truck delivery driver fell into filling rack while trying to exit his truck]; *Pastore v Town of Harrison*, 57 AD3d 636 [2008] [plaintiff fell into a gouge created in the roadway in front of her home by highway department employees working on the road with construction equipment]; *Ruiz v Hart Elm Corp.*, 44 AD3d 842 [2007] [plaintiff fell when her foot became caught in hole in carpet covering landing]; *Cupo v Karfunkel*, 1 AD3d 48 [2003] [plaintiff fell when front wheel of hand truck caught in a sidewalk defect where the sidewalk met a metal grille]; *Fabish v Garden Bay Manor Condominium*, 44 AD3d 820 [2007] [plaintiff fell while traversing stairway due to presence of refrigerator in landing area of staircase]; *Hogan v Baker*, 29 AD3d 740 [2006] [plaintiff fell on rocks placed in defendant's unpaved driveway prior to repaving]; *Salomon v Prainito*, 52 AD3d 803 [2008] [plaintiff fell when her foot caught in the open end of a cylindrical pipe which was laying across walkway and not in its normal position]; *Sewitch v LaFrese*, 41 AD3d 695 [2007] [plaintiff fell on accumulation of ice within portions of defective steps]; *Holly v 7-Eleven, Inc.*, 40 AD3d 1033 [2007] [plaintiff fell when he tripped and fell over bundle of logs being used to prop open an entrance door]; *Tulovic v Chase Manhattan Bank*, 309 AD2d 923 [2003] [plaintiff fell when his foot caught a piece of structural rebar exposed as the result of a building renovation]; *Barberio v Agramunt*, 45 AD3d 514 [2007] [plaintiff fell off of ladder when ladder's "footing" slipped into a defect on driveway]; *Cooper v American Carpet & Restoration Servs., Inc.*, 69 AD3d 552 [2010] [plaintiff fell trying to step over a coiled up hose which was spread across most of the width of the ramp upon which she walked].)

ered the plaintiff's remaining contentions, finds them to be without merit. All relief not expressly granted herein is denied.