■ JULIO QUINTANA, Appellant, v NEW YORK CITY HOUSING AUTHORITY et al., Respondents. [937 NYS2d 581]—

Dismissal of the complaint as against NYCHA was appropriate in this case where plaintiff alleges that he was injured when he slipped and fell while attempting to climb over a mound of snow created along the curb of the sidewalk by NYCHA's snow plow. Contrary to plaintiff's assertion, the record does not establish that the mound of snow impeded access to the crosswalk and prevented pedestrians from safely crossing the street. In the absence of evidence that the mound obstructed the crosswalk or was of such magnitude at the corner that it was more reasonable for a pedestrian to cross the street where plaintiff made his attempt, NYCHA could not reasonably have foreseen that a person in the circumstances in which plaintiff found himself would have acted as he did. Moreover, even assuming that an issue of fact exists as to whether the crosswalk was blocked by the mound, plaintiff was not in an "emergent situation," and had other, albeit less convenient options for crossing the street, including walking back down the block, rather than crossing over the mound outside of the crosswalk (*Guida v 154 W. 14th St. Co.*, 13 AD2d 695, 696 [1961], *affd* 11 NY2d 731 [1962]). Concur—Tom, J.P., Sweeny, DeGrasse, Abdus-Salaam and Manzanet-Daniels, JJ.