Order, Supreme Court, Bronx County (Howard H. Sherman, J.), entered January 28, 2013, which granted the motion of defendant New York City Housing Authority (NYCHA) for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion denied.
Plaintiff, a resident of a housing development owned and maintained by NYCHA, alleges that she slipped and fell on exterior steps covered in snow and ice, which connect the plaza outside her building to a park area that leads to an adjacent *505 public roadway. Defendant NYCHA does not dispute that it had constructive notice of the allegedly hazardous condition of the steps, which were an intended means of access between the building plaza and the sidewalk by the roadway, but argues, relying on plaintiffs deposition testimony, that plaintiff was the sole proximate cause of the accident because it was not foreseeable that she would use those steps, when she knew that alternate paths clear of snow were available.
The issue of proximate cause may be decided “as a matter of law where only one conclusion may be drawn from the established facts,” but “where there is any doubt, confusion, or difficulty in deciding whether the issue ought to be decided as a matter of law, the better course is to leave the point for the jury to decide” (White v Diaz, 49 AD3d 134, 139 [1st Dept 2008] [internal quotation marks and citation omitted]). In the circumstances presented, the evidence does not establish that plaintiff was the sole proximate cause of her injury, but raises an issue of fact as to her comparative negligence (see Denardo v Ziatyk, 95 AD3d 929 [2d Dept 2012]; Ettari v 30 Rampasture Owners, Inc., 15 AD3d 611 [2d Dept 2005]; see generally Westbrook v WR Activities-Cabrera Mkts., 5 AD3d 69 [1st Dept 2004]).
The instant case is distinguishable from Quintana v New York City Hous. Auth. (91 AD3d 578 [1st Dept 2012]), relied on by the motion court, because in that case NYCHA did clear snow from the public walkway, resulting in a mound of snow being piled along the curb, and the plaintiff unforeseeably walked over the mound of snow, outside the crosswalk, rather than using an available cleared path. Here, plaintiff presents evidence that NYCHA did not clear an established pedestrian walkway at all, although it was foreseeable that residents and others would attempt to use it to exit the premises (see Bergen v Carlin, 297 AD2d 692, 692-693 [2d Dept 2002]). Indeed, another resident, walking with plaintiff, took the same route with her on the night of her accident, and NYCHA’s employee testified that the stairs were supposed to be cleared of snow and ice after the storm.
Defendant’s argument that plaintiffs conduct was a superseding or intervening cause of the accident is without merit since a pedestrian slip is exactly the risk that is expected when a landowner does not clear snow and ice from pedestrian pathways. Concur — Friedman, J.E, Acosta, Renwick, ManzanetDaniels and Gische, JJ.