Order, Supreme Court, Bronx County (Larry S. Schachner, J.), entered March 12, 2013, which, insofar as appealed from, denied the motion of defendant New York City Housing Authority (NYCHA) for summary judgment dismissing the complaint as against it, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of NYCHA dismissing the complaint as against it.
After checking on a relative’s parked car, plaintiff William McKenzie slipped and fell as he attempted to climb over a two-foot-high mound of plowed snow that covered the curb between the street and the sidewalk abutting defendant NYCHA’s property. A NYCHA employee had cleared a snow-free path on the sidewalk, causing the snow to pile up along the curb. However, plaintiff acknowledged that unimpeded access to the sidewalk from the street was available at the nearest street corner, where the curb cut-out had been cleared of snow. Plaintiff acknowledged that, although he could have walked the four or five car-lengths from his relative’s car to the cleared cut-out at the corner, he chose instead to attempt to navigate the two-foot-high mound of snow adjacent to the car because “[i]t was the shortest way to get [to the sidewalk].”
*527 On this record, NYCHA is entitled to summary judgment dismissing the complaint as against it. A property owner such as NYCHA has a duty to keep a sidewalk abutting its property sufficiently clear of snow and ice so that the sidewalk is maintained in a “reasonably safe condition” (see Administrative Code of City of NY § 7-210). The property owner will have discharged its duty if a snow-free path is cleared between the street and the sidewalk within a reasonable walking distance of the property, since it is not reasonably foreseeable that a person would attempt to climb over a significantly obstructive curbside mound of snow rather than walk to a nearby unobstructed path (see Quintana v New York City Hous. Auth., 91 AD3d 578 [1st Dept 2012]; cf. Dillard v New York City Hous. Auth., 112 AD3d 504, 505 [1st Dept 2013] [finding Quintana distinguishable “because in (Quintana) NYCHA did clear snow from the public walkway, resulting in a mound of snow being piled along the curb, and the plaintiff unforeseeably walked over the mound of snow, outside the crosswalk, rather than using an available cleared path”]). Since plaintiffs accident resulted, by his own account, from his unforeseeable decision to climb over the knee-high heap of snow, it is of no moment whether he lost his footing before or after he planted his foot on the sidewalk. Moreover, unlike the facts of Dillard, here there was no failure to clear an established pedestrian walkway.
Finally, no triable issue arises from a nonparty witness’s testimony that there was ice on the stretch of the street that plaintiff would have traversed had he walked from the car to the street corner, because NYCHA had no responsibility for the condition of the street. Concur — Friedman, J.E, Renwick, Freedman and Feinman, JJ.