■ MAXIMILLA CASSELL, Individually and as Administratrix of the Estate of MERRILL CASSELL, Deceased, Respondent, v COUNTY OF WESTCHESTER et al., Appellants. [996 NYS2d 689]—

In an action to recover damages for personal injuries, etc., the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Walker, J.), dated June 18, 2013, as denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

This action arises out of a collision between a bicyclist and a bus owned by the defendant County of Westchester and operated by the defendant Liberty Lines Transit, Inc. The defendants contend that the accident occurred when the plaintiff's decedent rode his bicycle into the side of the bus. The plaintiff contends that the accident occurred when the bus struck the decedent while he was riding his bicycle along the side of the road. There were no eyewitnesses to the accident.

A party moving for summary judgment has the initial burden

of establishing prima facie entitlement to judgment as a matter of law by coming forward with evidentiary proof, in admissible form, demonstrating the absence of any material issues of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Ilardi v Inte-Fac Corp.*, 290 AD2d 490 [2002]). Failure to make such a showing requires denial of the motion, regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Pampillonia v Burducea*, 68 AD3d 1081, 1081-1082 [2009]; *Zeitoune v Cohen*, 66 AD3d 889, 891 [2009]).

In this case, the defendants failed to make a prima facie showing of entitlement to judgment as a matter of law. The evidence they submitted in support of their motion demonstrated the existence of numerous triable issues of fact, including, but not limited to, where the bicycle was located at the time of the accident, whether the decedent rode the bicycle into the bus or whether the bus struck the decedent, and whether the defendant bus driver failed to see that which under the circumstances he should have seen (*see Spatola v Gelco Corp.*, 5 AD3d 469, 470 [2004]; *Smalley v McCarthy*, 254 AD2d 478, 479 [1998]).

Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint, regardless of the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d at 853). Rivera, J.P., Leventhal, Hinds-Radix and Barros, JJ., concur.