Tchouke v City of New York (2018 NY Slip Op 00608)





Tchouke v City of New York


2018 NY Slip Op 00608


Decided on February 1, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 1, 2018

Friedman, J.P., Renwick, Tom, Kahn, Kern, JJ.


5262 305891/11

[*1]Bertrand Tchouke, et al., Plaintiffs-Appellants,
v
The City of New York, Defendant, Montefiore Medical Center, Defendant-Respondent.


Wobby Groner Edelman LLP, White Plains (Michael L. Taub of counsel), for appellants.
Furman Kornfeld & Brennan LLP, New York (John Gizunterman of counsel), for respondent.



Order, Supreme Court, Bronx County (Lizbeth Gonzalez, J.), entered May 24, 2016, which, insofar as appealed from as limited by the briefs, granted the motion of defendant Montefiore Medical Center for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.
Plaintiff Bertrand Tchouke was injured when, upon exiting his car, which he had parked parallel to the curb, he slipped and fell on an accumulation of snow on ice alongside the sidewalk abutting Montefiore's property. The record establishes, as a matter of law, that Montefiore's conduct was not a proximate cause of plaintiff's injury because, even if, as plaintiff claims, Montefiore negligently failed to clear a path between the street and the sidewalk somewhere on the block (see McKenzie v City of New York, 116 AD3d 526, 527 [1st Dept 2014]), it had no duty to place such a path at the precise spot where plaintiff parked his car. Moreover, the record is devoid of any evidence that plaintiff intended to use a cleared path but none existed. In this regard, plaintiff, who had been driving the car, testified that, for medical reasons, he could not shift himself over the gear shift to the passenger side to exit the car. We also note that the record establishes that the main part of the sidewalk itself had been cleared of snow and that plaintiff fell as he stepped onto the accumulation of snow that had been created alongside the sidewalk when it was cleared.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 1, 2018
CLERK