Polomski v Deluca (2018 NY Slip Op 03719)





Polomski v Deluca


2018 NY Slip Op 03719


Decided on May 23, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2015-06625
 (Index No. 25381/10)

[*1]Richard Polomski, plaintiff-appellant, 
v
Jean Mary Deluca, defendant, New York City Transit Authority, defendant-respondent, J.P. Morgan Chase & Co., defendant/third-party plaintiff-respondent; All Counties Snow Removal Corp., third-party defendant/fourth- party plaintiff-appellant; Controlled Dismantling Corp., fourth-party defendant-respondent.


Sim & Record, LLP, Bayside, NY (Sang J. Sim of counsel), for plaintiff-appellant.
Lawrence Heisler, Brooklyn, NY (Timothy J. O'Shaughnessy of counsel), for defendant-respondent.
Morrison Mahoney LLP, New York, NY (Demi Sophocleous of counsel), for defendant/third-party plaintiff-respondent.
Lewis Brisbois Bisgaard & Smith LLP, New York, NY (Nicholas P. Hurzeler and C. Briggs Johnson of counsel), for fourth-party defendant-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff and the third-party defendant/fourth-party plaintiff separately appeal from an order of the Supreme Court, Kings County (Dawn Jimenez-Salta, J.), dated March 19, 2015. The order, insofar as appealed from by the plaintiff, granted those branches of the motion of the defendant New York City Transit Authority and the cross motion of the defendant third-party plaintiff, J.P. Morgan Chase & Co., which were for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the appeal by the third-party defendant/fourth-party plaintiff, All Counties Snow Removal Corp., is dismissed as abandoned (see 22 NYCRR 670.8); and it is further,
ORDERED that the order is affirmed insofar as appealed from by the plaintiff; and it is further,
ORDERED that one bill of costs is awarded to the respondents.
The plaintiff allegedly was injured when he slipped on ice on a sidewalk in Brooklyn. Thereafter, the plaintiff commenced this action against, among others, J.P. Morgan Chase & Co. (hereinafter Chase), the owner of the property adjacent to the sidewalk on which the plaintiff allegedly slipped and fell, and the New York City Transit Authority (hereinafter NYCTA), which [*2]owns the elevated train tracks above the subject sidewalk. NYCTA moved, and Chase cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against each of them. The Supreme Court granted those branches of the motion and cross motion, and the plaintiff appeals.
We agree with the Supreme Court's determination to award summary judgment dismissing the complaint insofar as asserted against Chase and NYCTA. The plaintiff correctly contends that Chase is responsible for the condition of the sidewalk adjacent to its property, despite the fact that it had a snow removal contract with another party (see Administrative Code of City of NY § 7-210). Nevertheless, Chase and NYCTA each established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against each of them. The plaintiff testified at his deposition that he climbed over a snowbank that was located between the street and the sidewalk, and that his accident occurred when he stepped down from the snowbank onto the sidewalk. The plaintiff also testified that he climbed over the snowbank in the middle of the block, though he could have safely walked to the corner where there was a clear path to the sidewalk, and that he stepped carefully over the snowbank with very small steps to make sure his footing was secure, indicating that he was aware of the danger.
In opposition, the plaintiff failed to raise a triable issue of fact (cf. Denardo v Ziatyk, 95 AD3d 929). The plaintiff offered only speculative explanations as to how the allegedly negligent snow and ice removal efforts of Chase and NYCTA might have caused his accident. Accordingly, the plaintiff's action in climbing over the snowbank was the sole proximate cause of the accident (see McKenzie v City of New York, 116 AD3d 526, 527; Zayas v New York City Hous. Auth., 115 AD3d 485; Quintana v New York City Hous. Auth., 91 AD3d 578).
ROMAN, J.P., LASALLE, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court