| |
|:---:|
| **HSBC Bank USA, N.A. v Sutton** |
| 2025 NY Slip Op 32259(U) |
| June 23, 2025 |
| Supreme Court, Kings County |
| Docket Number: Index No. 504206/16 |
| Judge: Cenceria Edwards |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Term, Part FRP-1 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at Civic Center, Brooklyn, New York, on the 23, day of June, 2025.

P R E S E N T :

HON. CENCERIA EDWARDS,

                                   Justice.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

HSBC BANK USA, N.A.,

                           Plaintiff,

                 - against -                        Index No. 504206/16

ISAAC SUTTON AKA ISAAC M. SUTTON; ALISA SUTTON; NEW YORK CITY PARKING VIOLATIONS BUREAU; NEW YORK CITY TRANSIT ADJUDICATION BUREAU; UNITED STATES OF AMERICA – INTERNAL REVENUE SERVICE; JACK BENUN; RAQUEL BENUN; NEW YORK CITY ENVIRONMENTAL CONTROL BOARD; "JOHN DOES" and "JANE DOES," Said names being fictitious, parties intended being possible tenants or occupants of premises, and corporations, other entities or persons who claim, or may claim, a lien against the premises,

                         Defendant(s).

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| The following e-filed papers read herein: | NYSCEF Doc Nos. | |
|---|---|---|
| Notice of Motion/Order to Show Cause/ Petition/Cross Motion and Affidavits (Affirmations) | 99-101, 103-122 | 135-142 |
| Opposing Affidavits (Affirmations) | 136-142 | 148-161 |
| Reply Affidavits (Affirmations) | 148-161 | |

Upon the foregoing papers in this action to foreclose a mortgage encumbering the residential property at 1575 East 4th Street in Brooklyn (Block 6586, Lot 58) (Property), plaintiff HSBC Bank USA, N.A. (HSBC or Plaintiff) moves (in motion sequence [mot. seq.] three) for an order: (1) granting it leave to reargue that portion of the court's

[* 1]

December 17, 2019, decision and order holding that Plaintiff abandoned its previously granted right to submit an Order of Reference; or, alternatively, (2) granting Plaintiff an extension of time to submit an Order of Reference; (3) appointing a referee to compute the amounts due, examine whether the Property may be sold in parcels, and make his/her computations and report with convenient speed, pursuant to RPAPL § 1321; (4) amending the caption to (i) add Joshua "Doe" as a defendant and eliminating the "John Does" and "Jane Does" as party defendants and (ii) add New York State Department of Taxation and Finance as a party defendant; (5) amending the complaint, *nunc pro tunc*, to include liens filed by New York State Department of Taxation and Finance; (6) granting it a default judgment against all non-appearing and non-answering defendants, pursuant to CPLR 3215; and (7) "[d]eeming the Mortgage recorded on April 27, 2005 at CRFN 2005000242676 in the City Register of the City of New York, Kings County and the Consolidation Extension & Modification Agreement recorded on April 27, 2005 at CRFN 2005000242677 in the City Register of the City of New York, Kings County as valid and existing liens against the subject premises, *nunc pro tunc*, from the date that the mortgage tax was paid on April 27, 2005, and directing the Office of the City Register/Kings County to index the Mortgage and the Consolidation Extension & Modification Agreement against the tax map designation of Block: 6586, Lot: 58" (NYSCEF Doc No. 99).

Defendants Isaac Sutton and Alisa Sutton cross-move (in mot. seq. four) for an order "vacating the Summary Judgment entered on March 13 2019 pursuant to under CPLR §§,

2

[* 2]

2005, 5015 (a) and . . . dismissing the complaint in its entirety for improper notice pursuant to RPAL§ 1304 and not complying with the condition precedent" (NYSCEF Doc No. 135).

## Background

On March 22, 2016, HSBC commenced this foreclosure action by filing a summons, an unverified complaint and a notice of pendency against the Property (NYSCEF Doc Nos. 1 and 3). The complaint alleges that on or about November 18, 2003, Isaac and Alisa Sutton executed a $400,000.00 promissory note in favor of Merrill Lynch Credit Corporation, which was secured by a mortgage encumbering the Property (NYSCEF Doc No. 1 at ¶¶ 3 and 4). The complaint alleges that on April 11, 2005, and on March 10, 2010, the Sutton Defendants executed additional notes, and that the mortgages were consolidated to form a single lien of $418,000.00 (*id.* at ¶¶ 5-10). The complaint alleges that the Sutton Defendants failed to pay the December 1, 2014, payment and subsequent installments due (*id.* at ¶ 13). The complaint further alleges that Plaintiff has complied with RPAPL § 1304 by sending the attached 90-day notice (*id.* at ¶ 11 [c]). Importantly, attached to the complaint is a copy of the May 18, 2015, 90-day pre-foreclosure notice, pursuant to RPAPL § 1304, which is *jointly addressed to both Defendants Isaac and Alisa Sutton in the same letter and was mailed in the same envelope* (*id.* at 255-268; *see also* NYSCEF Doc No. 141).

On April 13, 2016, the Sutton Defendants answered the complaint, denied the material allegations therein and asserted affirmative defenses, including failure to comply with RPAPL § 1304, and counterclaims (NYSCEF Doc No. 25). On April 28, 2016, HSBC replied to the Sutton Defendants' counterclaims (NYSCEF Doc No. 27).

3

**Discussion**

Summary judgment is a drastic remedy that deprives a litigant of his or her day in court and should, thus, only be employed when there is no doubt as to the absence of triable issues of material fact (*Kolivas v Kirchoff*, 14 AD3d 493 [2d Dept 2005]; *see also Andre v Pomeroy*, 35 NY2d 361, 364 [1974]). "The proponent of a motion for summary judgment must make a prima facie showing of entitlement to judgment, as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (*Manicone v City of New York*, 75 AD3d 535, 537 [2d Dept 2010], quoting *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *see also Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). If it is determined that the movant has made a prima facie showing of entitlement to summary judgment, "the burden shifts to the opposing party to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action" (*Garnham & Han Real Estate Brokers v Oppenheimer*, 148 AD2d 493 [2d Dept 1989]).

RPAPL § 1304 (1) provides that "with regard to a home loan, at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower . . . such lender, assignee or mortgage loan servicer shall give notice to the borrower." The statute requires that such notice must be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower (RPAPL § 1304 [2]). "Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition

4

[* 4]

precedent to the commencement of a foreclosure action" (*Citibank, N.A. v Conti-Scheurer*, 172 AD3d 17, 20 [2d Dept 2019]). The plaintiff bears the burden of establishing strict compliance with RPAPL § 1304 (*Nationstar Mortg., LLC v Osikoya*, 205 AD3d 1038, 1039 [2d Dept 2022]).

Of particular significance here, the Second Department has held that "'the mailing of a 90-day notice jointly addressed to two or more borrowers in a single envelope is not sufficient to satisfy the requirements of RPAPL 1304, and . . . the plaintiff must separately mail a 90–day notice to each borrower as a condition precedent to commencing the foreclosure action'" (*Wells Fargo Bank NA v Welz*, 2025 WL 1572501 [2d Dept 2025], quoting *Wells Fargo Bank, N.A. v Yapkowitz*, 199 AD3d 126, 134 [2d Dept 2021]).

Here, the Sutton Defendants established, prima facie, that Plaintiff did not comply with RPAPL § 1304 since the 90-day notice was jointly addressed to both of the Sutton Defendants and the notice was mailed to the Sutton Defendants in the same envelope (*HSBC Bank USA NA v Schneider*, 216 AD3d 1148 [2d Dept 2023] [holding that "the Supreme Court should have granted the defendants' cross-motion for summary judgment dismissing the complaint" because the 90-day pre-foreclosure notice was jointly addressed to both defendants in the same letter and envelope]). Indeed, HSBC admits to mailing the 90-day pre-foreclosure notice to the Sutton Defendants jointly (NYSCEF Doc No. 141). Accordingly, it is hereby

**ORDERED** that HSBC's motion (mot. seq. three) is denied as moot; and it is further

5

[* 5]

**ORDERED** that the Sutton Defendants' cross-motion (mot. seq. four) is granted and the court's March 13 2019 decision and order (NYSCEF Doc No. 71), by which the court (Dear, J.) granted HSBC summary judgment on default, is vacated and HSBC's complaint is dismissed with prejudice for failure to comply with RPAPL § 1304.

This constitutes the decision, order and judgment of the court.

E N T E R,

_____
J.  S.  C. Cenceria P. Edwards, CPA

6

[* 6]