■ EDWARD F. JENSEN et al., Plaintiffs, v CHEVRON CORP., Defendant and Third-Party Plaintiff-Appellant, et al., Defendant. DILIP S. DEOKULE et al., Third-Party Defendants-Respondents.—In an action to recover damages for negligence, etc., the defendant and third-party plaintiff Chevron Corp. appeals from so much of an order of the Supreme Court, Nassau County (Roberto, J.), dated January 18, 1989, as denied its motion for partial summary judgment seeking a declaration that it is entitled to contractual indemnification from the third-party defendants Dilip S. Deokule and Howard Schwartz.

Ordered that the order is reversed insofar as appealed from, without costs or disbursements, and the motion is granted.

In April 1985, the plaintiff Edward Jensen was allegedly injured on the premises of the gas service station of the defendant Sunrise Quick Stop (hereinafter Quick Stop). Quick Stop is owned and operated by third-party defendants Dilip S. Deokule and Howard Schwartz. Quick Stop is located on property leased from the defendant and third-party plaintiff Chevron Corp. (hereinafter Chevron).

After the plaintiffs commenced their negligence action, Chevron instituted a third-party action for indemnification pursuant to a lease entered into with Deokule and Schwartz. Chevron moved for partial summary judgment requiring Deokule and Schwartz to indemnify it. Chevron's motion was denied and this appeal ensued.

In December 1984, when Deokule and Schwartz leased the property on which Quick Stop is located from Chevron, the lease included a covenant whereby the tenant promised to indemnify and hold harmless Chevron for loss or damage except that which was caused by Chevron's "sole negligence".

As a corollary, Deokule and Schwartz promised to procure insurance coverage in specific amounts and to name Chevron as the insured. They obtained insurance, but the policy named Quick Stop as the insured.

We hold that the indemnification clause does not violate General Obligations Law § 5-321. This section provides that an agreement to exempt a lessor from liability for his own negligence is void as against public policy. However, where, as here, sophisticated parties have negotiated at arm's length to enter into a lease containing an indemnification clause, such provision is valid inasmuch as the parties have allocated the risk of liability to third parties between themselves by requiring one party to procure insurance for their mutual benefit *(see, Hogeland v Sibley, Lindsay & Curr Co.,* 42 NY2d 153; *see also, La Vack v National Shoes,* 124 AD2d 352). Our review of the record indicates that it was the unmistakable "intent of the parties" *(Hogeland v Sibley, Lindsay & Curr Co., supra,* at 158-159) for Deokule and Schwartz to indemnify Chevron. Mangano, P. J., Thompson, Bracken and Balletta, JJ., concur.