■ NICHOLAS COLOSI et al., Plaintiffs, v RATL, LLC, et al., Defendants and Third-Party Plaintiffs-Appellants. VANLEX STORES, INC., Third-Party Defendant-Respondent. [776 NYS2d 496]—

In an action to recover damages for personal injuries, etc., the defendants third-party plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Kings County (Douglass, J.), dated November 22, 2002, as, upon the granting of the third-party defendant's motion to dismiss the third-party complaint, dismissed the third-party complaint.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Contrary to the contention of the defendants third-party plaintiffs-lessors, the Supreme Court correctly determined that the broad indemnification clause which was the basis of their contractual indemnification claim against the third-party defendant-lessee was unenforceable under General Obligations Law § 5-321. The indemnification provision was not limited to the lessee's acts or omissions, it failed to make an exception for the lessors' own negligence, and it did not limit the lessors' recovery under the lessee's indemnification obligation to insurance proceeds (*see Gibson v Bally Total Fitness Corp.*, 1 AD3d 477 [2003]; *Leone v Leewood Serv. Sta.*, 212 AD2d 669, 672 [1995], citing *Hogeland v Sibley, Lindsay & Curr Co.*, 42 NY2d 153, 158-160 [1977]; *cf. Jensen v Chevron Corp.*, 160 AD2d 767 [1990]). Santucci, J.P., Krausman, Schmidt and Rivera, JJ., concur.