ISMAEL PABON et al., Respondents, v NOUVEAU ELEVATOR INDUSTRIES, INC., Appellant. (Action No. 1.) CILYN LI, Respondent, v BERDAR EQUITIES CO. et al., Respondents, and NOUVEAU ELEVATOR INDUSTRIES, INC., Appellant. (Action No. 2.) [854 NYS2d 175]—

On October 3, 2002 Cilyn Li, the plaintiff in action No. 2, was a passenger in a freight elevator operated by Ismael Pabon, a plaintiff in action No. 1. As that elevator was descending, it allegedly suddenly sped up and, traveling at three times its normal speed, plunged into the basement of a building owned by Berdar Equities Co., a defendant in action No. 2 (hereinafter the owner). Earlier that day, Pabon and other freight elevator operators allegedly noticed that the elevator was, at times, moving

faster than usual. At his deposition, Pabon testified that he complained about the condition to the superintendent of the building, who told him to continue using the elevator.

Since December 2001, at the latest, Nouveau Elevator Industries, Inc. (hereinafter Nouveau), the defendant in action No. 1 and a defendant in action No. 2, had maintained the subject elevator under a service agreement with the owner. Nouveau moved for summary judgment dismissing the complaints in both actions insofar as asserted against it on the ground, among others, that Pabon's continued operation of the elevator after he noticed it traveling faster than normal was an intervening and superseding cause, relieving it of any liability. The Supreme Court denied the motion, and we affirm.

Nouveau failed to establish, prima facie, its entitlement to judgment as a matter of law. Even assuming that Pabon had, in fact, previously observed the elevator traveling faster than normal, that by itself is not, as a matter of law, an unforeseeable superseding cause which severed any causal connection between Nouveau's negligence and the plaintiffs' injuries, precluding liability (*see Bell v Board of Educ. of City of N.Y.*, 90 NY2d 944, 946-947 [1997]; *Kush v City of Buffalo*, 59 NY2d 26 [1983]; *Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315-317 [1980]; *Torres v New York City Hous. Auth.*, 270 AD2d 100 [2000]; *cf. Buchholz v Trump 767 Fifth Ave., LLC*, 5 NY3d 1, 9 [2005]; *Weingarten v Windsor Owners Corp.*, 5 AD3d 674, 677 [2004]; *Wright v New York City Tr. Auth.*, 221 AD2d 431, 431-432 [1995]). In light of this determination, we need not examine the sufficiency of the opposition papers (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Kelly v Rehfeld*, 26 AD3d 469 [2006]). Lifson, J.P., Ritter, Florio and Carni, JJ., concur.