■ MUHAMED HADZIHASANOVIC, Plaintiff, v 155 EAST 72ND STREET CORPORATION et al., Appellants, and DALE HOFFMAN et al., Respondents, et al., Defendants. [896 NYS2d 83]—

In an action to recover damages for personal injuries, the defendants 155 East 72nd Street Corporation and Wallack Management Co., Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Partnow, J.), dated December 8, 2008, as denied that branch of their motion which was for summary judgment on their cross claim insofar as asserted against the defendants Dale Hoffman and Stephen Hoffman for contractual indemnification, and granted that branch of the motion of those defendants which was for summary judgment dismissing that cross claim insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendants Dale Hoffman and her husband, Stephen Hoffman (hereinafter together the Hoffmans), purchased shares in a cooperative building located at 155 East 72nd Street (hereinafter the co-op building), and entered into a proprietary lease on an apartment. The co-op building was owned by the 155 East 72nd Street Corporation, a cooperative housing board (hereinafter 155 Corp.), and managed by Wallack Management Co., Inc. (hereinafter Wallack).

The Hoffmans hired a contractor to perform certain alterations to their apartment. To gain the approval of 155 Corp. and Wallack to commence the alterations, the Hoffmans submitted an alteration agreement.

The contractor hired a number of subcontractors. The plaintiff, Muhamed Hadzihasanovic, who worked for one of the subcontractors, allegedly was injured while working in the apartment. He commenced this action against, among others, 155 Corp., Wallack, and the Hoffmans.

155 Corp. and Wallack asserted, inter alia, a cross claim against the Hoffmans for contractual indemnification. Subsequently, the Hoffmans moved, inter alia, for summary judgment dismissing the cross claim of 155 Corp. and Wallack for contractual indemnification insofar as asserted against them. 155 Corp. and Wallack moved, inter alia, for summary judgment on their cross claim insofar as asserted against the Hoffmans for contractual indemnification based on the alteration agreement.

The Supreme Court denied that branch of the motion of 155 Corp. and Wallack which was for summary judgment on their cross claim insofar as asserted against the Hoffmans for contractual indemnification, and granted that branch of the Hoffmans' motion which was for summary judgment dismissing that cross claim insofar as asserted against them. The court reasoned that the alteration agreement was void pursuant to General Obligations Law § 5-321. We affirm the order insofar as appealed from.

The Hoffmans met their initial burden of demonstrating their prima facie entitlement to judgment as a matter of law (*see* *Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]), by proffering the alteration agreement. The alteration agreement provided that it was made in connection with or collateral to the Hoffmans' lease of real property (*see* General Obligations Law § 5-321). A broad indemnification provision in a lease, such as the alteration agreement here, which is not limited to the lessee's acts or omissions, fails to make exceptions for the lessor's own

negligence, and does not limit the lessor's recovery under the lessee's indemnification obligation to insurance proceeds, is unenforceable pursuant to General Obligations Law § 5-321 (*see Colosi v RATL, LLC*, 7 AD3d 558 [2004]; *Sanford v Woodner Co.*, 304 AD2d 813, 814 [2003]; *cf. Castano v Zee-Jay Realty Co.*, 55 AD3d 770, 772 [2008]). In opposition, 155 Corp. and Wallack failed to raise a triable issue of fact (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]). Under these circumstances, the Supreme Court properly granted that branch of the Hoffmans' motion which was for summary judgment dismissing the cross claim of 155 Corp. and Wallack insofar as asserted against the Hoffmans for contractual indemnification, and properly denied that branch of the motion of 155 Corp. and Wallack which was for summary judgment on their cross claims insofar as asserted against the Hoffmans for contractual indemnification. Rivera, J.P., Leventhal, Belen and Austin, JJ., concur.