(March 6, 2012)

■ IKE ESSILFIE-OBENG, an Infant, by His Mother and Natural Guardian, LYDIA DAVIES, Appellant, v GODFRIED R. AHYIA et al., Defendants, and 1075 CONCOURSE TENANTS CORPORATION et al., Respondents. [942 NYS2d 37]—

Order, Supreme Court, Bronx County (Howard H. Sherman, J.), entered May 26, 2010, following a jury verdict in plaintiff's favor on the issue of liability, which, to the extent appealed from as limited by the briefs, granted defendant 1075 Concourse Tenants Corporation's "motion to dismiss," unanimously reversed, on the law, without costs, the motion denied, the verdict reinstated as against defendant Concourse only, and the matter remanded for a trial on damages as to defendant Concourse.

Local Law No. 1 (1982) of City of New York placed the duty of abating lead paint upon "[t]he owner of a multiple dwelling" (former Administrative Code of City of NY § 27-2013 [h]), a term which the regulation did not define. Contrary to the parties' contentions, the manner in which "owner" is construed under the Multiple Dwelling Law, the Rent Stabilization Code, or the Housing and Maintenance Code is neither controlling nor instructive. "The owner of a multiple dwelling" contemplates ownership as it relates to a building in its entirety. An owner of shares of a cooperative which entitle that entity to possession of a particular unit is distinct from an owner of a multiple dwelling (*see Frisch v Bellmarc Mgt.*, 190 AD2d 383, 387 [1993]), and Local Law 1 of 1982 only places the duty to abate lead paint upon the latter (*see generally Juarez v Wavecrest Mgt. Team*, 88 NY2d 628, 638 [1996]). Thus, the cooperative corporation was responsible for the lead-based paint hazard in the subject apartment.

The reliance placed upon the proprietary lease by the parties and the motion court was in error. The lease may define the scope and extent of responsibility within the unit, which, in turn, may speak to practical ownership of the unit, but Local Law 1 of 1982 only concerns itself with ownership of the "multiple dwelling" which is distinct.

We also reject the cooperative corporation's contention that there was insufficient evidence to support a finding of notice or

that such a finding was against the weight of the evidence. The finding of notice was amply supported by the evidence and the cooperative corporation's contentions pertaining to the credibility of the testimony are unpersuasive inasmuch as such determinations are within the exclusive province of the jury.

We have considered the remaining contentions and find them unpersuasive. Concur—Tom, J.P., Saxe, DeGrasse, Freedman and Abdus-Salaam, JJ.

---

The decision and order of this Court entered herein on April 7, 2011 is hereby recalled and vacated (*see* 2012 NY Slip Op 66318[U] [decided simultaneously herewith]).