■ HENRY NOLASCO, Plaintiff, v SOHO PLAZA CORP. et al., Defendants/Third-Party Plaintiffs-Respondents. JASON BIRNBAUM et al., Third-Party Defendants-Appellants, et al., Third-Party Defendant. [11 NYS3d 644]—

In an action to recover damages for personal injuries, the third-party defendants Jason Birnbaum and Christy Birnbaum appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Saitta, J.), dated May 29, 2013, as denied that branch of their cross motion which was for summary judgment dismissing the third-party cause of action for contractual indemnification insofar as asserted against them and granted that branch of the cross motion of the defendants/third-party plaintiffs which was for summary judgment on the third-party cause of action for contractual indemnification insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the cross motion of the third-party defendants Jason Birnbaum and Christy Birnbaum which was for summary judgment dismissing the third-party cause of action for contractual indemnification insofar as asserted against them is granted, and that branch of the cross motion of the defendants/third-party plaintiffs which was for summary judgment on the third-party cause of action for contractual indemnification insofar as asserted against the third-party defendants Jason Birnbaum and Christy Birnbaum is denied.

The third-party defendants Jason Birnbaum and Christy Birnbaum (hereinafter together the Birnbaums) purchased shares in a cooperative apartment building in Manhattan (hereinafter the co-op building), and entered into a proprietary lease for an apartment. The co-op building was owned by the defendant/third-party plaintiff Soho Plaza Corp. (hereinafter Soho) and managed by the defendant/third-party plaintiff Dermer Management, Inc. (hereinafter Dermer).

The Birnbaums hired the third-party defendant Diamond Era Construction, Inc. (hereinafter Diamond), to perform certain alterations to their apartment. In connection with these alterations, the Birnbaums entered into an alteration agreement with Soho and Dermer. The plaintiff, an employee of Diamond, allegedly was injured while working in the apart-

ment and commenced a personal injury action against Soho and Dermer. Soho and Dermer commenced a third-party action against the Birnbaums and Diamond, seeking, inter alia, contractual indemnification.

The Birnbaums cross-moved, among other things, for summary judgment dismissing the third-party cause of action for contractual indemnification insofar as asserted against them, and Soho and Dermer cross-moved, inter alia, for summary judgment on that third-party cause of action insofar as asserted against the Birnbaums. The Supreme Court denied that branch of the Birnbaums' cross motion and granted that branch of Soho's and Dermer's cross motion. The court reasoned that, since Soho and Dermer had not been negligent, they were entitled to contractual indemnification from the Birnbaums.

The Birnbaums demonstrated their prima facie entitlement to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]; Zuckerman v City of New York, 49 NY2d 557 [1980]) by proffering the proprietary lease and the alteration agreement, which were made in connection with the Birnbaums' lease of real property (see General Obligations Law § 5-321). Broad indemnification provisions such as those in the proprietary lease and in the alteration agreement here, which are not limited to the lessee's acts or omissions, and which fail to make exceptions for the lessor's own negligence, are unenforceable pursuant to General Obligations Law § 5-321 where the proprietary lease and the alteration agreement were not negotiated at arm's length by two sophisticated business entities (see Hadzihasanovic v 155 E. 72nd St. Corp., 70 AD3d 637, 638-639 [2010]; DeSabato v 674 Carroll St. Corp., 55 AD3d 656, 657-659 [2008]; cf. Great N. Ins. Co. v Interior Constr. Corp., 7 NY3d 412 [2006]). In opposition, Soho and Dermer failed to raise a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]). Under these circumstances, the Supreme Court erred in denying that branch of the Birnbaums' cross motion which was for summary judgment dismissing the third-party cause of action for contractual indemnification insofar as asserted against them, and in granting that branch of Soho's and Dermer's cross motion which was for summary judgment on that third-party cause of action insofar as asserted against the Birnbaums. Mastro, J.P., Balkin, Sgroi and Miller, JJ., concur.