N.A. v Hillcrest Owners Assn., Inc. (2018 NY Slip Op 07133)





N.A. v Hillcrest Owners Assn., Inc.


2018 NY Slip Op 07133


Decided on October 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2016-04875
 (Index No. 12540/12)

[*1]N.A. (Anonymous), etc., plaintiff,
v
Hillcrest Owners Association, Inc., defendant third-party plaintiff-respondent-appellant; Estate of Bhupendra Shah, third-party defendant- appellant-respondent.


Maron Marvel Bradley Anderson & Tardy LLC, Staten Island, NY (Stephanie A. DeVos of counsel), for third-party defendant-appellant-respondent.
Havkins Rosenfeld Ritzert & Varriale, LLP, White Plains, NY (Carmen A. Nicolaou of counsel), for defendant third-party plaintiff-respondent-appellant.



DECISION & ORDER
In an action to recover damages for personal injuries, the third-party defendant appeals, and the defendant third-party plaintiff cross-appeals, from an order of the Supreme Court, Queens County (Janice A. Taylor, J.), entered April 6, 2016. The order, insofar as appealed from, denied the cross motion of the third-party defendant for summary judgment dismissing the third-party complaint. The order, insofar as cross-appealed from, denied that branch of the motion of the defendant third-party plaintiff which was for summary judgment on its third-party cause of action for contractual indemnification.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the cross motion of the third-party defendant which was for summary judgment dismissing the third-party cause of action for contractual indemnification, and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs to the third-party defendant payable by the defendant third-party plaintiff.
Ths infant plaintiff allegedly sustained physical injuries as a result of ingesting paint chips containing lead, which were peeling from the wall of the apartment where she lived with her mother (hereinafter the subject apartment). The defendant third-party plaintiff, Hillcrest Owners Association, Inc. (hereinafter Hillcrest), is a cooperative corporation that owns the multiple dwelling building in which the subject apartment is located. At all relevant times, the proprietary lease pertaining to the subject apartment was held by Bhupendra Shah, and the Estate of Bhupendra Shah (hereinafter the Estate) is the third-party defendant. The infant plaintiff and her family were subtenants in the subject apartment.
The infant plaintiff, by her mother and natural guardian, commenced this action against Hillcrest, alleging negligence in failing to detect and abate the lead paint hazard within the subject apartment. Hillcrest commenced a third-party action against the Estate, asserting causes of action based, inter alia, on contractual indemnification, as well as common-law indemnification and contribution. Upon the completion of discovery, Hillcrest moved, inter alia, for summary judgment [*2]on its third-party cause of action for contractual indemnification, and the Estate cross-moved for summary judgment dismissing the third-party complaint. The Supreme Court denied the motion and the cross motion. The Estate appeals and Hillcrest cross-appeals.
At the time when the alleged injury occurred, Administrative Code of the City of New York former § 27-2013(h) (Local Law No. 1 [1982] of the City of New York; hereinafter Local Law 1) placed a specific duty on the owner of a multiple dwelling to abate lead paint in leased premises where children under the specified age resided (see Chapman v Silber, 97 NY2d 9, 19). The owner of a cooperative corporation was considered the owner of a multiple dwelling for purposes of Local Law 1 (see Essilfie-Obeng v Ahyia, 93 AD3d 433, 433).
Contrary to the Estate's contention, the fact that Local Law 1 imposed a nondelegable duty on Hillcrest to abate the lead paint hazard does not mean that Hillcrest is precluded from recovering in indemnity, either contractual or common-law, from third parties whose acts or omissions are alleged to have caused or contributed to the infant plaintiff's injuries (cf. Shea v Bloomberg, L.P., 124 AD3d 621, 622; Kennelty v Darlind Constr., 260 AD2d 443). However, under the circumstances presented, Hillcrest may not seek contractual indemnification from the Estate based on the indemnification provision contained in the proprietary lease. "A broad indemnification provision in a lease . . . which is not limited to the lessee's acts or omissions, fails to make exceptions for the lessor's own negligence, and does not limit the lessor's recovery under the lessee's indemnification obligation to insurance proceeds, is unenforceable pursuant to General Obligations Law § 5-321" (Hadzihasanovic v 155 E. 72nd St. Corp., 70 AD3d 637, 638-639; see Nolasco v Soho Plaza Corp., 129 AD3d 924, 925; DeSabato v 674 Carroll St. Corp., 55 AD3d 656, 659). Therefore, the Supreme Court should have granted that branch of the Estate's motion which was for summary judgment dismissing the third-party cause of action for contractual indemnification.
The parties' remaining contentions are without merit.
RIVERA, J.P., CHAMBERS, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court