M.G. v Pham (2020 NY Slip Op 01009)





M.G. v Pham


2020 NY Slip Op 01009


Decided on February 13, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2020

Gische, J.P., Kapnick, Webber, Moulton, JJ.


350189/13 11008A 11008

[*1] M.G., etc., et al., Plaintiffs-Respondents,
v
Haanh N. Pham, Defendant-Appellant, Board of Managers of the Parkchester North Condominium, et al., Defendants-Respondents.


Frank P. Allegretti, Harrison, for appellant.
Burns & Harris, New York (Jason Steinberg of counsel), for M.G., S.G. and Yacine C., respondents.
Landman Corsi Ballaine & Ford P.C., New York (William G. Ballaine of counsel), for Board of Managers of the Parkchester North Condominium, Parkchester North Condominium, Inc., and Parkchester Preservation Managements, LLC, respondents.



Appeal from order, Supreme Court, Bronx County (Wilma Guzman, J.), entered on or about September 7, 2018, which, to the extent appealed from, denied defendant Haanh N. Pham's motion for summary judgment dismissing the complaint as against him, unanimously dismissed, without costs, as academic. Order, same court and Justice, entered on or about June 28, 2019, which denied Pham's motion to renew and reargue, unanimously reversed, on the law, without costs, defendant's motion to renew granted, and defendant's motion for summary judgment denied.
The motion court improvidently exercised its discretion in denying defendant Pham's motion to renew. Although the original motion for summary judgment was denied as untimely, on renewal defendant provided evidence that his motion for summary judgment was, in fact, timely received and accepted by court personnel who signed for the package with the motion papers. Although the underlying motion papers were received on December 6, 2017, within the motion court's deadline for summary judgment motions, the motion was not processed by the court until December 11th, making it appear as if Pham had missed the deadline. Under these circumstances, the motion to renew should have been granted to correct the court's records and the motion for summary judgment considered on the merits. Since Pham's motion for summary judgment is restored and fully briefed, we consider it and deny it on the merits.
Pham did not demonstrate that, as the owner of an individual condominium unit, he cannot be held responsible for violation of the lead paint laws. Local Law 1 of 2004 (Administrative Code of City of NY §§ 27-2056.1, et seq.), without defining the term "owner," imposes obligations on "the owner of a dwelling or dwelling unit" (see Administrative Code §§ 27-2056.3, 27-2056.5). As the unit owner he bears responsibility for compliance with the obligations of New York City Local Law 1 of 2004 (see Administrative Code § 27-2056.15[b]). In addition, the leases in the record indicate that Pham, as unit owner, not the condominium board, accepted responsibility for compliance with the obligations of New York City Local Law 1 of 2004 (see Administrative Code § 27-2056.15[b]). In any event, defendant Parkchester has asserted cross claims against him that continue. Pham's reliance on Essilfie-Obeng v Ahyia (93 AD3d 433 [1st Dept 2012]), is misplaced since it interpreted Local Law 1 of 1982, not Local law [*2]1 of 2004, and concerned the obligations of the owner of proprietary shares in a cooperative corporation.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 13, 2020
CLERK