Guaman-Sanango v 57 E. 72nd Corp. (2024 NY Slip Op 02306)

Guaman-Sanango v 57 E. 72nd Corp.

2024 NY Slip Op 02306

Decided on May 1, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 1, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
JANICE A. TAYLOR, JJ.

2022-03624
 (Index No. 705862/19)

[*1]Segundo Guaman-Sanango, plaintiff, 
v
57 East 72nd Corporation, et al., appellants, Matthew Nguyen, et al., respondents.

Morrison Law Firm, P.C. (Daniel W. Morrison, Janet E. Crawford, and Lawrence, Worden, Rainis & Bard, P.C., Melville, NY [Roger B. Lawrence], of counsel), for appellants.
Cozen O'Connor, New York, NY (Adam I. Stein and Susan Panoyan of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants 57 East 72nd Corporation and Rialto Management Corp. appeal from an order of the Supreme Court, Queens County (Denis J. Butler, J.), entered April 18, 2022. The order, insofar as appealed from, granted that branch of the motion of the defendants Matthew Nguyen, Bianca Bosker, and Helen Lencek which was for summary judgment dismissing the cross-claim for contractual indemnification asserted against them by the defendants 57 East 72nd Corporation and Rialto Management Corp. and denied the cross-motion of the defendants 57 East 72nd Corporation and Rialto Management Corp. for summary judgment on their cross-claims for contractual indemnification, common-law indemnification, and contribution against the defendants Matthew Nguyen, Bianca Bosker, and Helen Lencek.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On September 27, 2018, the plaintiff allegedly was injured in the course of his employment when he fell from a ladder while performing renovation work inside an apartment in a cooperative building located at 59 East 72nd Street. At the relevant time, the defendant 57 East 72nd Corporation (hereinafter 57 East) was the owner of the building and the defendant Rialto Management Corp. (hereinafter Rialto) managed the building (hereinafter together the building defendants). The owners of the apartment, the defendants Matthew Nguyen, Bianca Bosker, and Helen Lencek (hereinafter collectively the apartment owner defendants), hired nonparty GSK Contracting Corp., the plaintiff's employer, to perform the renovation work.
The plaintiff commenced this personal injury action against the building defendants, asserting causes of action alleging common-law negligence and violations of Labor Law §§ 200, 240(1) and (2), and 241(6). The building defendants commenced a third-party action against the apartment owner defendants for contractual indemnification. The plaintiff then filed a supplemental summons and amended complaint asserting causes of action alleging common-law negligence and violations of Labor Law §§ 200, 240(1) and (2), and 241(6) against the apartment owner defendants. [*2]The building defendants filed an answer, asserting cross-claims for contractual indemnification, common-law indemnification, and contribution against the apartment owner defendants. The apartment owner defendants moved, among other things, for summary judgment dismissing the building defendants' cross-claims. The building defendants cross-moved for summary judgment on their cross-claims. In an order entered April 18, 2022, the Supreme Court, inter alia, granted that branch of the apartment owner defendants' motion which was for summary judgment dismissing the building defendants' cross-claim for contractual indemnification and denied the building defendants' cross-motion for summary judgment on their cross-claims. The building defendants appeal.
The Supreme Court properly granted that branch of the apartment owner defendants' motion which was for summary judgment dismissing the building defendants' cross-claim for contractual indemnification. The apartment owner defendants demonstrated their prima facie entitlement to judgment as a matter of law by proffering the proprietary lease between the building defendants and the apartment owner defendants, as well as an alteration agreement dated March 28, 2018, which contains an identical indemnification clause as in an alteration agreement dated May 4, 2018, providing, "I undertake to indemnify you, your Managing Agent, the cooperative corporation and shareholders, residents or occupants of the building for any damages suffered to person or property as a result of the work performed hereunder, whether or not caused by negligence, and to reimburse you and your Managing Agent for any expenses (including, without limitations, attorneys' fees and disbursements) incurred as a result of such work." "Broad indemnification provisions such as those in the proprietary lease and in the alteration agreement[s] here, which are not limited to the lessee's acts or omissions, and which fail to make exceptions for the lessor's own negligence, are unenforceable pursuant to General Obligations Law § 5-321 where the proprietary lease and the alteration agreement[s] were not negotiated at arm's length by two sophisticated business entities" (Nolasco v Soho Plaza Corp., 129 AD3d 924, 925; see N.A. v Hillcrest Owners Assn., Inc., 165 AD3d 1153, 1155; Hadzihasanovic v 155 E. 72nd St. Corp., 70 AD3d 637, 638-639; cf. Great N. Ins. Co. v Interior Constr. Corp., 7 NY3d 412, 419). In opposition, the building defendants failed to raise a triable issue of fact. For the same reasons, the Supreme Court properly denied that branch of the building defendants' cross-motion which was for summary judgment on their cross-claim for contractual indemnification.
The Supreme Court properly denied that branch of the building defendants' cross-motion which was for summary judgment on their cross-claim for common-law indemnification. The building defendants failed to demonstrate that they were not negligent and that the apartment owner defendants' "actual negligence contributed to the accident, or . . . that the [apartment owner defendants] had the authority to direct, supervise, and control the work giving rise to the [plaintiff's] injury" (Cando v Ajay Gen. Constr. Co. Inc., 200 AD3d 750, 752 [internal quotation marks omitted]). Similarly, the court properly denied that branch of the building defendants' cross-motion which was for summary judgment on their cross-claim for contribution (see Roblero v Bais Ruchel High Sch., Inc., 175 AD3d 1446, 1448-1449).
The building owners' remaining contentions either are without merit, are improperly raised for the first time on appeal, or need not be reached in light of our determination.
LASALLE, P.J., CHAMBERS, CHRISTOPHER and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court